UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIO HERNANDEZ and MARINA
VELASQUEZ, *individually and on behalf of
others similarly situated*,

Plaintiffs,

-v-

4 RUNNERS, INC. (d/b/a/ ISTANBUL GRILL),
DAYAKLI AZMAN, EROL DONER, and
MURAT ERSEN,

Defendants.

---

14-CV-8998 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Mario Hernandez and Marina Velasquez, individually and on behalf of others similarly

situated ("Plaintiffs"), bring this action against 4 Runners, Inc, doing business as Istanbul Grill,

Dayakli Azman, Erol Doner, and Murat Ersen ("Defendants").  Plaintiffs allege causes of action

arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York

Labor Law ("NYLL") §§ 190 *et seq.*, 650 *et seq.*, and the spread-of-hours wage orders of the

New York Commissioner of Labor, 12 N.Y.C.R.R. § 142-2.4(a).  (Dkt. No. 1.)  Defendants

move for summary judgment under Federal Rule of Civil Procedure 56.  (Dkt. No. 27.)  For the

reasons that follow, Defendants' motion is denied.

## I.     Background

4 Runners, Inc., owns and operates a restaurant called "Istanbul Grill," located in

Manhattan, providing dine-in and delivery options.  (Dkt. No. 28.)  Plaintiffs are former

employees of Istanbul Grill.  Mario Hernandez was employed primarily as a delivery worker for

Istanbul Grill from approximately January 2009 to November 2009 and again from

approximately January 2014 to October 2014, during which he regularly worked over forty hours

per week.  (Dkt. No. 34 ("Gomez Decl.") ¶¶ 3, 5.)  Marina Velasquez was employed by Istanbul

1

grill from approximately October 2008 until October 2013, working around sixty hours per

week, and from approximately October 2013 to September 2014, working around thirty hours

per week.  (Dkt. No. 35 ("Velasquez Decl.") ¶¶ 3-4.)  Plaintiffs allege, *inter alia*, that they did

not receive "appropriate minimum wage or overtime compensation for the hours that they

worked" over the course of their employment.  (Dkt. No. 1 ¶ 6.)

## II.   Discussion

Defendants move for summary judgment on two grounds.  First, they contend that a

reasonable jury could not find that Istanbul Grill was an "enterprise" within the meaning of the

FLSA because Istanbul Grill never grossed more than $500,000 per year.  The corporate tax

returns of Istanbul Grill from 2011 to 2014 indicate that the restaurant never surpassed $500,000

in annual gross sales.  (Dkt. No. 28 Ex. A.)  As a result, Defendants argue, Plaintiffs cannot

establish an essential element of their FLSA claim.  (*See* Dkt. No. 30 at 4-5.)  Defendants

alternatively move for summary judgment on the ground that Plaintiffs cannot allege

"individual" coverage under the FLSA.[1]  (*Id.* at 5-8.)  Defendants argue that absent jurisdiction

under the FLSA, the Court should decline to exercise supplemental jurisdiction over Plaintiffs'

state law claims.  (*Id.* at 8.)

### A.   Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A fact is

material if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is genuine if, considering the record as a

---

[1]      Plaintiffs do not respond to Defendants' argument that individual coverage does not
apply.  However, because Plaintiffs' case survives summary judgment on enterprise coverage,
the Court does not reach Defendants' argument on individual coverage.

whole, a rational jury could find in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

A motion for summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (quoting *Lunds, Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir. 1989)). But in showing that a genuine dispute exists, the non-moving party cannot rely upon mere "conclusory statements, conjecture, or speculation." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita*, 475 U.S. at 587). The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### B.    Enterprise Coverage[2]

The minimum wage and overtime provisions of the FLSA apply to employees who are either (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a), 207(a)(1). The two categories are commonly referred to as "individual" coverage and "enterprise" coverage, respectively. *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp.

---

[2]    Courts in this Circuit have generally held that the enterprise coverage requirement is not a jurisdictional issue, but rather one that goes to the merits of a plaintiff's claim. *See Jai Fu Chen v. New 9th Ave Pearl on Sushi Inc.*, No. 14 Civ. 580, 2015 WL 3947560, at *3 n.3 (S.D.N.Y. June 29, 2015) (collecting cases). "Accordingly, in order to survive summary judgment, Plaintiffs need not prove that the Restaurant had gross income of more than $500,000; that would be their burden at trial. Plaintiffs need only show that there is a material dispute of fact regarding the issue." *Monterossa v. Martinez Rest. Corp.*, No. 11 Civ. 3689, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012).

3d 337, 342 (E.D.N.Y. 2014) (quoting *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009)).  An "enterprise" is "engaged in commerce" if it has "gross annual revenues of $500,000 or more," *Velez v. Vassallo*, 203 F. Supp. 2d 312, 327-28 (S.D.N.Y. 2002), and the business "has employees handling . . . goods or materials that have been moved in or produced for commerce by any person," *id.* (quoting 29 U.S.C. § 203(s)(1)).[3]

Defendants contend that no reasonable juror could conclude that Istanbul Grill grossed more than $500,000 in any year and, therefore, that no reasonable juror could find that it was covered by the FLSA.  Istanbul Grill submits tax returns that reflect annual gross receipts ranging from $442,223 in 2011 to $494,422 in 2014.  (Dkt. No. 28 Ex. A.)

Defendants' tax returns showing revenue less than $500,000 appear incomplete and are not accompanied by an affidavit of the tax preparer.  (*See* Dkt. No. 38 Ex. A.)  Without additional indicia of veracity, it is doubtful that Defendants' tax returns are sufficient to support a ruling for Defendants on a motion for summary judgment.  *See Rocha,* 44 F. Supp. 3d at 348-50; *Monterossa*, 2012 WL 3890212, at *4 (denying summary judgment in similar circumstances and noting that "there is good reason to be cautious in relying on Defendants' tax returns because . . . the submitted returns are unsigned and unaccompanied by a statement or affidavit of the tax preparer"); *Shu Lan Chen v. Gypsophila Nail & Spa Inc.*, No. 15 Civ. 2520, 2015 WL

---

3       Plaintiffs allege that Defendants are directly engaged in interstate commerce because a number of items used by Istanbul Grill are produced outside of the State of New York.  (Dkt. No. 1 ¶¶ 37, 44; Gomez Decl. ¶ 4; Velasquez Decl. ¶ 6.)  This is sufficient to establish this prong of enterprise coverage.  *See Rocha*, 44 F. Supp. 3d at 347 (finding that where the complaint alleges that the defendant restaurant regularly handles goods in interstate commerce, this prong is established); *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) ("[C]ases discussing this element in an FLSA context have held that it is logical to conclude that janitorial/cleaning supplies have moved in interstate commerce.") (collecting cases).  Defendants do not contest that they are engaged in commerce.  (*See* Dkt. No. 28 ¶ 6; Dkt. No. 30 at 5.)

3473510, at *3 (S.D.N.Y. June 2, 2015) ("[S]everal courts in this circuit considering businesses'

tax returns at the summary judgment stage have expressed skepticism about their reliability,

especially where the returns are unauthenticated or where they conflict with other evidence.").

"There is substantial precedent suggesting that tax returns are not dispositive and the veracity of

those documents can be questioned by a Plaintiff." *Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ.

5584, 2013 WL 3009389, at *3 (S.D.N.Y. June 14, 2013).

In this case, Plaintiffs have submitted affidavits that are inconsistent with the annual

gross receipts disclosed in Defendants' tax filings as they tend to demonstrate that the company's

total gross sales were in excess of $500,000. (*See* Gomez Decl.; Velasquez Decl.)  First,

Plaintiffs rely on Mr. Gomez's declaration, in which he states that receipts from deliveries made

while he was working totaled between $292,000 and $365,000 per year—an amount that does

not include the restaurant's take-out orders, dine-in customers, and sales made while Gomez was

not working.[4]  (Dkt. No. 33 at 10.)  Second, Plaintiffs point to Velasquez's testimony to establish

"gross annual sales of at least $800,000."[5]  (*Id.*)  These numbers, moreover, do not account for

---

[4]    According to Mr. Gomez, he was one of two people delivering food for Istanbul Grill, his delivery sales accounted for approximately $400 and $500 per shift, and the restaurant was open 365 days each year for 24 hours each day.  (Gomez Decl. ¶¶ 7-9.)  Accounting only for Mr. Gomez's shifts, therefore, the restaurant would gross between $292,000 ($400 per shift × 2 workers × 365 days) and $365,000 ($500 per shift × two workers × 365 days) per year on delivery sales alone.  (*See* Dkt. No. 33 at 10.)

[5]    By the Court's calculations based on Ms. Velasquez's declaration, the amount may be even greater.  According to Ms. Velasquez, Istanbul Grill, during each of her shifts, made approximately 50 dine-in sales between $20 and $50, around 20 deliveries at the same value, and sold approximately 100 beers at $5 each plus 20 to 50 bottles of wine at $20 each.  (Velasquez Decl. ¶¶ 9-11.)  For deliveries alone, Ms. Velasquez's declaration indicates that Istanbul Grill grossed between $400 (20 deliveries × $20 per delivery) and $1,000 (20 deliveries × $50 per delivery) per shift.  This is consistent with Mr. Gomez's estimate of between $800 and $1,000 per shift for two delivery personnel.  For dine-in and alcohol sales, Ms. Velasquez's declaration accounts for between $1,900 ((50 dine-in sales × $20 per dine-in sale) + (100 beers × $5 per beer) + (20 bottles of wine × $20 per bottle)) and $4,000 ((50 dine-in sales × $50 per dine-in

additional shifts worked by employees other than Gomez and Velasquez each day.  "Their

testimony may be self-serving or otherwise inaccurate, but given that the Restaurant is open 365

days a year, it would gross well over $500,000 annually even if Plaintiffs considerably

overestimated the Restaurant's daily earnings." *Monterossa*, 2012 WL 3890212, at *4.

Plaintiffs' affidavits show that there is a genuine dispute of material fact regarding

whether the Istanbul Grill had gross annual income of more than $500,000.

Moreover, Plaintiffs argue that the salaries and wages reflected on the proffered tax

returns are inconsistent with Gomez's testimony that the restaurant employed between seven and

ten employees at a given time.  (Doc. No. 33 at 9-10 (citing Gomez Decl. ¶ 8).)  The tax returns

state that salaries and wages between 2011 and 2014 ranged from $39,260 to $50,004.  (Dkt. No.

28 Ex. A.)  These numbers, Plaintiffs argue, are implausible for a business employing multiple

employees and operating 24 hours-a-day, 365 days-a-year, especially where, as here, Mr. Gomez

claims that he was paid his wages in cash.  (Gomez Decl. ¶¶ 6-8; Velasquez Decl. ¶ 7.)  The

Court agrees.  *See Amaya v. Superior Tile & Granite Corp.*, No. 10 Civ. 4525, 2012 WL 130425,

at *4-*5 (S.D.N.Y. Jan. 17, 2012) (finding a defendant's tax returns, which showed salaries and

wages ranging from $19,229 to $42,268, to be "entirely unreliable" where they were "utterly

inconsistent with a business employing six to eight workers full time, each earning $35,000 or

more annually," and where the defendant "operated largely a cash business").

Plaintiffs have, therefore, put forth sufficient "evidence on which the jury could

reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252, and determine that Istanbul Grill

made over $500,000 in gross annual sales.  Because issues of material fact remain to be decided,

---

sale) + (100 beers × $5 per beer) + (50 bottles of wine × $20 per bottle)) each shift, or between
$693,500 and $1,460,000 per year.

summary judgment is inappropriate on the issue of whether enterprise coverage applies to Istanbul Grill.

## III.      Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at docket numbers 27 and 32.


Dated: December 14, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge