UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO HERNANDEZ GOMEZ and MARIANA VELASQUEZ, *individually and on behalf of others similarly situated*,<br><br>*Plaintiffs,*<br><br>-against-<br><br>4 RUNNERS, INC. (d/b/a ISTANBUL GRILL) and EROL DONER,<br><br>*Defendants.* | Index No. 14-cv-08998 (JPO) (KNF)<br><br>**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, Plaintiffs Mario Hernandez Gomez and Mariana Velasquez ("Plaintiffs") respectfully object to the Magistrate Judge's report and recommendation (R&R) (Docket at ("Doc.") 69) filed December 7, 2017. The Magistrate Judge erred by failing to hold an inquest hearing or permit Plaintiffs' counsel a meaningful opportunity to amend or correct the written submissions on which he based his decision to award no damages to Plaintiffs. Accordingly, the Court should decline to adopt the R & R and refer this matter to the Magistrate Judge for the purpose of conducting an inquest hearing.

**PROCEDURAL HISTORY**

The instant matter was filed by Plaintiffs on November 12, 2014. Plaintiffs alleged, inter alia, violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiffs were employed as food service workers at Defendants'[1] restaurant, where they alleged

---

[1] Although Plaintiffs sued Defendants 4 Runners, Inc., Dayakli Azman, Erol Doner, and Murat Ersen, only 4 Runners, Inc. and Erol Doner were timely served. Accordingly the default at issue only concerns Defendants 4 Runners, Inc. and Erol Doner.

Defendants failed to pay them minimum wage and overtime under the FLSA and NYLL. They also alleged a failure to satisfy wage notice and wage statement requirements of the NYLL or pay spread of hours pay.

Following discovery and a failed summary judgment motion, Defendants 4 Runners, Inc. and Erol Doner ("Defaulted Defendants") stipulated to withdraw their Answer and consent to an entry of default against them in this action. The parties also stipulated that they would "request the Court set a date for a damages inquest hearing." (Doc. 46) A default judgment was then entered as to these Defendants (Doc. 48), and the Court referred this matter to Magistrate Judge Fox for an inquest after default and damages hearing (Doc. 47).

Following the dismissal of other Defendants in this action, on March 3, 2017, Mr. Gerald Ellis of this office filed a letter motion for a conference, requesting that an inquest be scheduled as to Defendants 4 Runners, Inc. and Erol Doner. (Doc. 52). By Order dated March 6, 2017, Magistrate Judge Fox directed Plaintiff to file on or before March 27, 2017 (1) proposed findings of fact and conclusions of law; and (2) an inquest memorandum setting forth proof of its damages. Notably, the Court did not set or otherwise reference the requested hearing in its March 6, 2017 Order. The Court also declined to state that the paper submissions requested would be the exclusive method the Court would use to determine damages.

Mr. Ellis filed proposed findings of fact and conclusions of law on March 29, 2017.[2] Defendants' counsel filed alternate proposed findings of fact and conclusions of law on April 19, 2017. In the period between these submissions, Mr. Gerald Ellis moved to withdraw as attorney for Plaintiffs; his request was granted on April 10, 2017.

---

[2] Attorney Ellis filed a request for an extension of time to submit the requested documents on March 28, 2017; this application was denied as moot on March 31, 2017.

On November 8, 2017, Judge Fox issues an Order noting that Mr. Ellis' March 29, 2017 submissions referenced, but did not include, an Exhibit A containing an accounting on Plaintiffs' damages. The Court instructed this office to file the referenced Exhibit A by November 13, 2017. This office did so.

On December 7, 2017, Magistrate Judge Fox issued a R & R recommending that no damages be awarded to Plaintiffs (Doc. 69). Principally, the Court based this conclusion on Plaintiffs' failure to produce an affidavit on behalf of Plaintiff Mario Hernandez Gomez and perceived credibility issues with the affidavit of Plaintiff Mariana Velasquez. The Court also took issue with Plaintiffs' failure to submit a sworn affidavit of the attorney who prepared Plaintiffs' proposed damages calculation.

**ARGUMENT**

**I.      To The Extent Written Submissions Were Inadequate to Award Damages to Plaintiffs, the Magistrate Judge Should Have Conducted an Inquest Hearing.**

Plaintiffs respectfully request the Court reject Magistrate Judge Fox's R & R because the Court did not conduct a damages inquest hearing. A damages inquest hearing was specifically stipulated to by the parties in their February 2, 2017 Stipulation of Default (Doc. 46), and was requested by Plaintiffs (Doc. 52). A damages inquest hearing would cure all of the perceived issues the Court identified in awarding damages, as the Plaintiffs would testify and the Court would be in a position to address any credibility concerns it had. Moreover, at no time prior to issuing his R & R did Magistrate Judge Fox indicate that he intended to forgo an inquest hearing and rely exclusively on documentary evidence in awarding damages.

At an inquest, the complaint's factual allegations must be accepted as true, except as they relate to damages. *See Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The

amount of damages must be established by the plaintiff in a post-default inquest, "unless the amount is liquidated or susceptible of mathematical computation." *Id*. In conducting an inquest, a court need not hold a hearing "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 [2d Cir. 1989]). A court may rely on detailed affidavits or documentary evidence in evaluating the fairness of the sum requested. *See Fustok*, 873 F.2d at 40; *see United Artists Corp. v. Freeman, 605 F.2d 854, 857* (5th Cir. 1979) (damages for default judgment should not have been awarded without hearing or a demonstration by detailed affidavits establishing necessary facts).

It is true that the Second Circuit has held that no inquest hearing, as opposed to an inquest relying on documents, is necessary if the court: (1) determines a "proper rule for calculating damages" and (2) assesses Plaintiffs' evidence supporting the damages. *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). As long as the court can "establish damages with reasonable certainty," a hearing is not required. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); see also Fustok, 873 F.2d at 40 (no hearing necessary as long as there is a "basis for the damages specified"). Nevertheless, however, this rule applies in cases where the Court is persuaded that Plaintiffs have provided sufficient documentary material *to support an award of damages*; this office has been unable to research, and is unaware of, any case law suggesting that no inquest hearing is necessary if the Court believes Plaintiffs' paper submissions are insufficiently detailed to award damages or possess credibility issues. To the extent that these concerns existed, the Court readily had access to an inquest hearing as a tool to address them.

## II.     Plaintiffs Should Have Been Given A Meaningful Opportunity to Correct or Amend Their Written Submissions

Plaintiffs also respectfully request the Court reject Magistrate Judge Fox's R & R on the grounds that Plaintiffs should have been given an opportunity to amend or correct their written submissions to the extent that Magistrate Judge Fox saw issues with them and intended to use them as the exclusive means to determine damages in the instant matter.

In his R & R, Magistrate Judge Fox states that Plaintiffs "filed deficient inquest submissions and failed to correct the deficient submissions, despite having been given an opportunity to do so." *See* R & R at 20. Plaintiffs respectfully submit that there is no record of any such opportunity. After Plaintiffs' March 29, 2017 filings, the only Order issued by Magistrate Judge Fox concerning the submissions was his November 8, 2017 Order directing the Plaintiffs to file the Exhibit A referenced, but not filed, in the filings. The Plaintiffs filed the Exhibit A as directed; the Court's Order cannot fairly be interpreted as an invitation to change the content of the original Exhibit A, submit additional inquest materials, or address any deficiencies with Plaintiffs' filings. Nor did the Order raise or identify any deficiency in Plaintiffs' materials aside from the omission of the offered exhibit. Accordingly, Plaintiffs respectfully request, to the extent the Court intended to rely exclusively on paper submissions in determining inquest damages, that the Plaintiffs have the opportunity to amend their submissions.

**CONCLUSION**

For the foregoing reasons, the Court should reject the Magistrate Judge's Report and Recommendation (Doc. 69), and refer this matter for the purpose of conducting an inquest damages hearing.

Dated:  New York, New York
        December 28, 2017

      /s/  Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
michael@faillacelaw.com
*Attorneys for Plaintiffs*