UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
MARIO HERNANDEZ GOMEZ and
MARINA VELASQUEZ,
                      Plaintiffs,

-v-

4 RUNNERS, INC. (d/b/a ISTANBUL
GRILL) AND EROL DONER,
                      Defendants.
———————————————————————

14-CV-8998 (JPO)

OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION

J. PAUL OETKEN, District Judge:

      Plaintiffs Mario Hernandez Gomez and Marina Velasquez sued Defendants 4 Runners, Inc. and Erol Doner for unpaid minimum wage earnings and overtime compensation under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor. After Defendants consented to entry of default judgment in Plaintiffs' favor, this action was referred to the Honorable Kevin Nathaniel Fox, U.S. Magistrate Judge, for an inquest on damages.

      Judge Fox issued a report and recommendation (the "Report") recommending that no damages be awarded because Plaintiffs failed to satisfy their evidentiary burden. Plaintiffs filed objections to the Report. For the reasons that follow, Plaintiffs' objections are overruled and the Report is adopted in full.

**I.    Background**

      Plaintiffs filed suit in 2014, alleging violations of federal and state minimum wage and overtime law. In 2017, Defendants withdrew their answer and consented to entry of default against them. (Dkt. No. 46.) The Court entered default judgment in favor of Plaintiffs and referred the matter to Judge Fox for an inquest on damages. (Dkt. No. 47.)

1

Plaintiffs submitted their proposed findings of fact and conclusions of law to Judge Fox, accompanied by Velasquez's declaration. (Dkt. Nos. 56, 57.) Plaintiffs did not submit a declaration by Hernandez Gomez.

Judge Fox reviewed the parties' submissions and recommended that the Court award Plaintiffs no damages. He concluded that Plaintiffs' submissions were "deficient" and that Plaintiffs "failed to correct the deficient submissions, despite having been given an opportunity to do so." (Dkt. No. 69 ("Report") at 20.) Specifically, he found that Plaintiffs had not submitted a declaration or any other evidence to prove Hernandez Gomez's damages. He also found that discrepancies and inconsistencies rendered Velasquez's declaration incredible. (*Id.* at 13–16.) Further, Plaintiffs' proposed damages calculations was submitted without a supporting affidavit. Consequently, Judge Fox noted that he could neither authenticate the chart nor divine the methods used to calculate its proposed damages. (*Id.* at 17–19.) Finally, Plaintiffs failed to include any evidence supporting their request for attorney's fees. (*Id.* at 19.) Judge Fox concluded that Plaintiffs had "failed to establish, with reasonable certainty, that an award of any amount of damages is warranted." (*Id.* at 20.)

Plaintiffs filed objections to the Report, arguing that Judge Fox erred by failing to hold an inquest hearing and by denying Plaintiffs a meaningful opportunity to amend or correct their written submissions. (*See* Dkt. No. 72.)

## II. Standard of Review

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. The Court reviews *de novo* those parts of the report and recommendation to which objections are made, and reviews

the remainder for clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

**III.   Discussion**

Plaintiffs' first objection is that Judge Fox should have conducted an inquest hearing. "On an inquest for damages following a default, the plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013). Federal Rule of Civil Procedure 55(b)(2) provides that a court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Second Circuit has held that, "[b]y its terms, [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Thus, the rule "allows but does not require the district judge to conduct a hearing." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). The court may instead rely on detailed affidavits and documentary evidence, "as long as it ensured that there was a basis for the damages specified in a default judgment." *Fustok*, 873 F.3d at 40.

Judge Fox instructed Plaintiffs to file written submissions "setting forth proof of [their] damages." (Dkt. No. 53 at 1.) Judge Fox did not have to hold an inquest hearing simply because Plaintiffs submitted insufficient written evidence to meet their burden to establish damages with reasonable certainty. *See, e.g.*, *Griffiths v. Francillon*, No. 10 Civ. 3101, 2012 WL 1354481, at *1 (E.D.N.Y. Apr. 13, 2012) (affirming magistrate judge's discretion to not hold a hearing and adopting the recommendation of awarding no damages because plaintiff failed to support a claim to damages). Plaintiffs' first objection is therefore without merit.

Plaintiffs' second objection is that they were not allowed to amend or correct their deficient inquest submissions.  However, Judge Fox was not obligated to repeatedly warn the Plaintiffs that their inquest submissions were deficient before recommending that no damages be awarded.  Judge Fox afforded Plaintiffs an adequate opportunity to submit sufficient evidence of their damages, but Plaintiffs nonetheless failed to meet their evidentiary burden.

On March 6, 2017, Judge Fox ordered Plaintiffs to prepare and file by March 27 their proposed findings of fact and conclusions of law and "an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of its damages." (Dkt. No. 53.)  After receiving Plaintiffs' initial submission, Judge Fox notified Plaintiffs that they had failed to submit Exhibit A, containing their calculation of damages, and gave Plaintiffs an opportunity to remedy this error. (Dkt. No. 67.)  But despite these clear instructions, Plaintiffs failed to submit an affidavit supporting Hernandez Gomez's claims, and the damages chart they ultimately filed was not signed by someone with first-hand knowledge nor was it sworn to under penalty of perjury.  *See* Fed. R. Evid. 602, 901.  As Judge Fox pointed out, Plaintiffs' counsel should have been aware of the requirements for submitting such an affidavit, given that his law firm has successfully done so in numerous other cases.  (*See* Report at 18–19 (collecting cases).).

In short, it was the responsibility of Plaintiffs' counsel, and not of the magistrate judge, to ensure that Plaintiffs' inquest submissions satisfy their evidentiary burden.  Despite being given a fair opportunity to correct their deficient submissions, Plaintiffs failed to provide sufficient evidence of their damages.  Under such circumstances, "the court should decline to award any damages, even though liability has been established through default." *RGI Brands*, 2013 WL 1668206, at *6 (quoting *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012)).

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' objections to the Report are OVERRULED. The Court has also reviewed the portion of the Report to which Plaintiffs did not specifically object and concludes that it is not clearly erroneous. Accordingly, the Report and Recommendation is ADOPTED in its entirety. Judgment is entered in favor of Plaintiffs on liability, but no damages or attorney's fees are awarded to Plaintiffs.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 24, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5